UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE JOSEPH CLEMMONS,<br><br>    Petitioner,<br><br>    v.<br><br>JEFFREY BEARD, Warden,<br><br>    Respondent. | Case No.  14-cv-02392-HSG (PR)<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS; DENYING CERTIFICATE OF APPEALABILITY**<br><br>Re: Dkt. No. 18 |

Petitioner, a *pro se* prisoner, filed this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Respondent has moved to dismiss the petition as untimely.  Petitioner has filed an opposition, and respondent has filed a reply.

**BACKGROUND**

On May 28, 2009, in Monterey County Superior Court, petitioner pleaded no contest to rape of a victim incapable of giving consent, and admitted one prior strike conviction.  Motion to Dismiss ("MTD") Ex. A.  On December 31, 2009, the trial court sentenced petitioner to twelve years in prison. MTD Ex. B.  Petitioner did not appeal.  Petitioner filed multiple habeas petitions in the state courts, all of which were denied.  MTD Exs. C-G.

Petitioner then filed this action, seeking a writ of habeas corpus.  The petition has a signature date of May, 15 2014 and was stamped "filed" at the Court on May 23, 2014.  As a *pro se* prisoner, petitioner receives the benefit of the prisoner mailbox rule, which deems most documents filed when the prisoner gives them to prison officials to mail to the court.  *See Stillman*

1  *v. LaMarque,* 319 F.3d 1199, 1201 (9th Cir. 2003). The Court will assume he gave the petition to
2  prison officials for mailing on the date he signed it, i.e., May 15, 2014, and deem the federal
3  petition filed as of that date.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996, and imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. *Id.* § 2244(d)(2).

The one-year period generally will run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). If a petitioner could have sought review by the state court of appeals or the state supreme court, but did not, the limitation period will begin running against him the day after the date on which the time to seek such review expired. *Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012). Here, petitioner's conviction became final on March 1, 2010, sixty days after his sentencing on December 31, 2009. *See Mendoza v. Carey*, 449 F.3d 1065, 1067 (9th Cir. 2006) (because California prisoner did not appeal his conviction, process of direct review became final 60 days after conviction); Cal. Rule of Court 8.104(a)(1). Thus, the limitation period began running March 2, 2010, giving petitioner until March 1, 2011 to file his federal habeas petition. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). Petitioner's instant petition, filed on May 15, 2014, is therefore untimely, absent tolling.

The one-year limitations period is tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *See* 28 U.S.C. § 2244(d)(2). Petitioner's first state habeas petition after the conviction became final was filed in Monterey County Superior Court on August 25, 2011, more than a year after the expiration of the statute of limitations. Petitioner will not receive statutory tolling for this state habeas petition or for his later state petitions, as they were all filed after the expiration of the statute of limitations. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed).

AEDPA's one-year statute of limitations is also subject to equitable tolling in appropriate circumstances. *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id*. at 2562 (internal quotation marks and citation omitted). Petitioner does not argue he was prevented from filing his petition on time. Nor is there anything in the record to support such a finding.

Petitioner here acknowledges that his habeas corpus petition is untimely, and asserts that he meets the actual innocence exception to the statute of limitations. Opp'n at 1. A showing of actual innocence can provide a gateway to federal habeas review of a petition filed after AEDPA's statute of limitation expired. *Mcquiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013). The actual innocence standard is set forth in *Schlup v. Delo*, 513 U.S. 298 (1995). *See McQuiggin*, 13 S. Ct. at 1928. In *Schlup,* the Supreme Court held that a claim of actual innocence "requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." *Schlup*, 513 U.S. at 324. Further, "the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 327. Under *Schlup*, a petitioner must establish his factual innocence of the crime, and not mere legal insufficiency. *Jaramillo v. Stewart*, 340 F.3d 877, 882-83 (9th Cir. 2003).

3

1    The Supreme Court has stressed that this exception is limited to "certain exceptional cases
2    involving a compelling claim of actual innocence." *House v. Bell*, 547 U.S. 518, 522 (2006).
3    Moreover, the Ninth Circuit has noted that, because of "the rarity of such evidence, in virtually
4    every case the allegation of actual innocence has been summarily rejected." *Shumway v. Payne*,
5    223 F.3d 982, 990 (9th Cir. 2000) (*citing Calderon v. Thompson*, 523 U.S. 538, 559 (1998).

6    In support of his actual innocence claim, petitioner contends that the victim was in fact
7    capable of giving consent, and that his trial counsel should have hired an adult mental health
8    expert to test the victim's ability to give consent. Petition at 6B; Opp'n. at 2. At the time of the
9    alleged assault, the victim, the 27-year-old niece of petitioner's now-wife, was living with them
10   due to her mental incapacity. Reply Ex. 1 at 19; Petition Ex. C at C4. The prosecution's child
11   psychologist found she had the mental capacity of a ten-year-old child or younger. Reply Ex. 1 at
12   9. Petitioner claims that the victim was mentally capable of giving consent, and his defense
13   counsel should have obtained an adult psychologist to counter the prosecution's expert. Petition at
14   6B; Opp'n. at 2. Petitioner refers to several letters sent to the court by his now-wife and her
15   family which allude to the victim's purported sexual past. *Id.*

16   Petitioner's allegations regarding ineffective counsel do not rise to the high level required
17   to state a claim of actual innocence. *See Schlup*, 513 U.S. at 328 (noting the need to present
18   "evidence tenably claimed to have been wrongly excluded or to have become available only after
19   the trial"). Here, petitioner has not presented new credible evidence. He simply claims his trial
20   counsel was ineffective, a claim of legal rather than factual innocence. Furthermore, the letters
21   from petitioner's wife and wife's family existed and were known to petitioner at the time he
22   entered his plea, and thus are not new evidence. *See* Petition Ex. C. In any event, the letters are
23   unsworn statements from family members who do not purport to possess mental health expertise.
24   Petitioner only speculates as to what a psychologist would determine regarding the victim's ability
25   to consent. Thus, petitioner has not presented new evidence or shown that no reasonable juror
26   would have convicted him had counsel presented an adult psychologist.

**CONCLUSION**

For the foregoing reasons:

1. Respondent's motion to dismiss the instant petition as untimely is GRANTED.

2. Petitioner has not shown "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, a certificate of appealability is DENIED.

3. The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: 6/10/2015

HAYWOOD S. GILLIAM, JR.
United States District Judge